IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 28, 2025

## ROBERT F. CROSKERY ET AL. v. CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON

**Appeal from the Circuit Court for Sevier County
No. 23-CV-321     Adrienne Waters Ogle, Judge**

_____

**No. E2025-00202-COA-R3-CV**

_____

Because no final order has been entered in the underlying trial court proceedings, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J.; THOMAS R. FRIERSON, II, J.; AND KRISTI M. DAVIS, J.

Robert F. Croskery, Sevierville, Tennessee, for the appellant, Melinda E. Knisley.

Robert F. Croskery, Sevierville, Tennessee, Pro Se Appellant.

Parks T. Chastain, Nashville, Tennessee, for the appellee, Certain Underwriters at Lloyd's of London.

**MEMORANDUM OPINION[1]**

The Sevier County Circuit Court ("Trial Court") entered its judgment on January 14, 2025. The appellants, Robert F. Croskery and Melinda E. Knisley ("Appellants"), filed

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

a notice of appeal with this Court on February 12, 2025, which states that Appellants are appealing the Trial Court's January 14, 2025 order.

After determining that the January 14, 2025 order did not comply with Tenn. R. Civ. P. 63, the Trial Court entered a *sua sponte* order on February 26, 2025, that was entered *nunc pro tunc* to February 12, 2025, setting aside the Trial Court's prior order entered on January 14, 2025, which is the subject of this appeal. Upon request by Appellants, this Court remanded jurisdiction to the Trial Court *nunc pro tunc* February 26, 2025 for purposes of providing the Trial Court with jurisdiction to enter its February 26, 2025 order and to enter a new final judgment. This Court provided the parties with sixty days to obtain a final judgment from the Trial Court. The Trial Court Clerk subsequently notified this Court that no final judgment has been filed in the underlying matter.

After no final judgment had been entered during the sixty days provided, this Court entered a show cause order on June 26, 2025, ordering Appellants to show cause within fifteen days as to why this appeal should not be dismissed for lack of a final judgment. This Court's show cause order was mailed to Appellants on that same date. However, that order was not initially delivered to Appellants. On July 2, 2025, the Appellate Court Clerk spoke with the appellant and counsel for Ms. Knisley, Robert F. Croskery, regarding the pending show cause order. Mr. Croskery informed the Appellate Court Clerk that the order was not delivered because his mailbox had been destroyed and had not yet been repaired. Therefore, this Court sent the show cause order to Mr. Croskery at a temporary address he provided, and such order has not been returned as of this date. During the conversation, Mr. Croskery informed the Appellate Court Clerk that he intended to file either a motion for an extension of time to obtain a final judgment or a motion to dismiss as soon as possible. However, neither has been filed. Based on the foregoing, Mr. Croskery is aware of this Court's June 26, 2025 show cause order and has filed no response thereto.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Because the order appealed from was set aside by the Trial Court and there is no longer a final appealable judgment, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the appellants, Robert F. Croskery and Melinda E. Knisley, for which execution may issue.

**PER CURIAM**